UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                     :

FORRESTER ENVIRONMENTAL SERVICES,
INC. and KEITH FORRESTER,                    :

               Plaintiffs,         :    CASE NO. 10-CV-154-JL

vs.                                                :

WHEELABRATOR TECHNOLOGIES, INC.,    :

               Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MOTION TO DISMISS COUNT IV

**NOW COMES** the defendant, Wheelabrator Technologies Inc. ("WTI"), by and through its attorneys, Devine Millimet & Branch, Professional Association, and respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count IV of plaintiffs' Amended Petition and, in support of its Motion, states as follows:

    1.    Plaintiffs allege in Count IV of their Amended Petition, upon information and belief, that WTI sold and/or licensed to a Taiwanese company, known as Kobin, certain methods for treating waste that "would constitute infringement of [a United States patent issued to Forrester] *if* it occurred within the United States." *See* Amended Petition ¶¶ 77, 81 and 89 (emphasis supplied).

    2.    WTI denies that plaintiffs have any valid or enforceable patents in the United States with respect to the methods in question. Even if, however, plaintiffs had any valid and enforceable patents, the notion that the holder of a United States patent can exclude others from using his invention outside of the United States flies in the face established federal law.

3. Plaintiffs acknowledge that, under federal law, patents issued in the United States cannot be used to exclude the practice of a patented invention in Taiwan. Plaintiffs nevertheless seek to enforce their alleged patent rights by disguising their infringement claim as a state law "misppropriation" claim. *See* Amended Petition ¶¶ 74-92. Federal patent law, however, fully preempts state law when it comes to defining the scope of the right to exclude others to practice a patented invention. As such, plaintiffs cannot state a claim under New Hampshire common law, whether for "misappropriation" or otherwise, based on the use of patented methods outside of the United States.

4. WTI, accordingly, now moves to dismiss Count IV of plaintiffs' Amended Petition pursuant to Fed. R. Civ. P. 12(b)(6), because it fails to state a claim upon which relief can be granted.

5. WTI further submits that it should have been readily apparent to plaintiffs that they could not state a claim for misappropriation. In this regard, it is significant that plaintiffs have already filed no less than four pleadings in an effort to articulate a viable claim against WTI arising out of the alleged use of their alleged "invention" in Taiwan. Accordingly, unless plaintiffs can demonstrate a good faith argument for creating entirely new law under which patent protection can be extended outside of the United States, sanctions -- including the attorneys' fees incurred by WTI in making this motion -- would be appropriate under Fed. R. Civ. P. 11(b)(2) and 11(c).

6. In further support of this Motion, WTI respectfully refers the Court to the Memorandum of Law filed in support of this motion, which WTI incorporates herein by reference. L.R. 7.1(a)(2).

7. Due to the dispositive nature of the relief sought by this Motion, WTI did not seek assent of the plaintiffs. L.R. 7.1(c).

WHEREFORE, WTI respectfully requests this Honorable Court:

A. Dismiss plaintiffs' Count IV;

B. Consider, after notice to the plaintiffs and a reasonable opportunity to be heard, the imposition of an appropriate sanction, including reasonable attorneys' fees; and,

C. Grant WTI such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**WHEELABRATOR TECHNOLOGIES INC.**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: November 24, 2010

By: /s/ Steven E. Grill
Steven E. Grill (Bar No. 7896)
Jonathan M. Shirley (Bar No. 16494)
111 Amherst Street
Manchester, New Hampshire 03101
Telephone: 603.669.1000
Facsimile: 603.669.8547
sgrill@devinemillimet.com
jshirley@devinemillimet.com

**CERTIFICATE OF SERVICE**

I certify the foregoing Motion to Dismiss Count IV is being filed this day in accordance with the Court's Electronic Case Filing system, and will be served in accordance with said system upon counsel for Plaintiffs.

Dated: November 24, 2010                    /s/ Steven E. Grill
                                            Steven E. Grill