UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
FORRESTER ENVIRONMENTAL SERVICES,
INC. and KEITH E. FORRESTER,                    :

                Plaintiffs,           :   CASE NO. 10-CV-154-JL

   vs.                                          :

WHEELABRATOR TECHNOLOGIES, INC.,               :

                Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY TO PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

      Defendant Wheelabrator Technologies Inc. ("WTI") respectfully submits the following Reply to address the arguments asserted by the plaintiffs in their Objection to WTI's Motion to Dismiss Count IV of the Amended Petition.

      Despite nearly fourteen pages of argument, plaintiffs have not cited a single case or other authority to support the proposition that patented technology can ever be protected by state misappropriation law, let alone that state law can be used for the specific purpose of extending patent protection beyond the territorial limits of the United States, a limit expressly imposed by federal patent law, *see* 35 U.S.C. § 271.

      Plaintiffs allege unequivocally in paragraphs 75 through 92 of their Amended Petition that they seek remedies because they believe that "commercially valuable methods" disclosed in various United States patents were "misappropriated" by WTI for use in Taiwan.  As explained the *Sears-Compco* line of cases, because plaintiffs chose to obtain United States patent protection for these methods, they must rely exclusively upon federal patent law to protect those methods.

1

*See* WTI's Memo. at 7-8.[1]  Federal law, however, does not recognize a cause of action for "patent misappropriation". This Court should refuse out of hand plaintiffs' invitation to create an entirely new cause of action for patent holders which, in the more than two hundred years since the patent laws were first enacted, has never been recognized before.

Plaintiffs concede that federal patent law does not provide them with a cause of action. *See* Amended Petition, ¶¶ 78, 82, 90, and Plaintiffs' Objection at 6-7.  They nevertheless argue, despite *Sears-Compco*, that preemption is not a concern.  They cite *Bonito Boats, Inc. v. Thunder Craft Boats, Inc*., 489 U.S. 141, 146 (1989) and *Aronson v. Quick Point Pencil Co*., 440 U.S. 257, 262 (1979) for the proposition that this Court can recognize a new cause of action for "patent misappropriation" because such a cause of action would not "clash" with federal patent law.  *See* Plaintiffs' Objection at 8.  This is a specious argument.  In *Bonito Boats,* the Supreme Court noted that "the federal patent laws must determine not only what is protected, but also what is free for all to use", 489 U.S. at 151, and then ruled that a Florida statute which purported to give patent-like protection to "otherwise unprotected utilitarian ideas embodied in unpatented boat hulls" was preempted by federal patent law.  *Id*. at 152.  In *Aronson,* the Supreme Court held that license agreements are governed by and enforceable under applicable state contract law (with Justice Brennan concurring but noting that he would find it problematic to allow enforcement of a license agreement under state law if the agreement imposed royalties after the patent had expired and fallen into the public domain).  440 U.S. at 266-67.  Neither of these cases supports the proposition that the tort of misappropriation can ever be used, under any circumstances, to extend patent protection.

---

[1] "WTI's Memo" refers to the memorandum of law filed by WTI in Support of its Motion to Dismiss Count IV.

The other cases cited by plaintiffs similarly provide no support whatsoever for the argument that the tort of misappropriation can be used to expand the limited protections granted by federal law.  In *Mueller Co. v. U.S. Pipe & Foundry Co.*, 2003 WL 22272135, *5 (D.N.H.), cited in Plaintiffs' Objection at 5, this Court held that a plaintiff could not allege a cause of action for common law misappropriation where the property alleged to have been misappropriated was a trademark, but must instead plead and prove the traditional elements of a trademark infringement claim.[2]  If there is no tort of "trademark misappropriation," there certainly should not be a tort of "patent misappropriation."

In *Imax Corp. v. Cinema Techs, Inc*., 152 F.3d 1161 (9th Circuit 1998), cited in Plaintiffs' Objection at 5, the issue was misappropriation of trade secrets, which of course are entitled to protection under state law provided (among other things) that they are *not* disclosed, in direct contrast to patents which by definition *must be* disclosed (and thereby made available for use by others except to the extent proscribed by federal patent law).

And, the plaintiff in *Riordan v. H.J. Heinz Co*., 2009 WL 4782155 (W.D.Pa. Dec. 8, 2009), cited in Plaintiffs' Objection at 5, was found to have failed to state *any* viable cause of action.

Plaintiffs' arguments actually underscore how absurd it would be to deny preemptive effect to federal patent law in these circumstances.  For example, at pages 11 and 12 of their Objection, plaintiffs assert (again without any authority) that under their new state law cause of action for "patent misappropriation", it would not even necessary to allege that the entire patented invention has been used without a license.  Thus, they not only would have state law provide remedies for the alleged use of patented technology overseas, but also provide remedies

---

[2] *Mueller & Co.* also rejected the notion that New Hampshire's Consumer Protection Act reaches conduct occurring in other jurisdictions, a fact which will be particularly important when WTI moves for summary judgment on Count I of plaintiffs' Amended Petition.

*whenever any part of a patented invention is used anywhere, without any regard whatsoever for the validity of the entire patent or for any of the other limitations on patent protection under federal law.*

Plaintiffs also argue that they are not seeking "to enforce Forrester's patents extraterritorially," Plaintiffs' Objection at 10, but this statement is directly contrary to their demands for equitable relief and damages, set forth at page 17 of the Amended Petition, by which they ask for remedies, of the type that might be awarded in a domestic patent infringement case, directed exclusively at WTI's business dealings with Kobin, a company located in Taiwan. In addition, and as already noted, Count IV of the Amended Petition clearly seeks remedies based on plaintiffs' "belief" that "commercially valuable methods" for which they have obtained United States patents are being or have been practiced in Taiwan.[3]

Plaintiffs even argue that dismissal of their misappropriation claim is premature because "whether New Hampshire or Taiwanese law applies in this case will need to be resolved." Plaintiff's Objection at 9. Plaintiffs, however, expressly pleaded that their claim for patent misappropriation "arises under the common law of the State of New Hampshire." *See* Amended Petition ¶ 75. They did not raise any choice of law issue at the time of the Rule 16 conference, and their time to amend their pleadings (for what would be the fifth time, if the two sets of pleadings filed in *Forrester I* are included) has passed. What is more, plaintiffs do not explain Taiwanese law with respect to "patent misappropriation" claims, so there is no way to tell whether such claims are recognized in Taiwan. They also do not explain how application of Taiwanese law might help them avoid the preemptive effect of federal patent law. Although this Court thus need not resolve any choice of law questions, it should take note of such arguments to

---

[3] This "belief" has no basis in reality and, indeed, is contrary to information contained in plaintiffs' own files, a portion of which were recently made available in discovery. But that is an issue for another day.

4

the extent relevant to the question of whether plaintiffs' are in compliance with their obligations to plead in good faith and to be candid with the Court.

In this last regard, plaintiffs are correct that WTI has not yet filed a motion under Fed.R.Civ.P. 11.  The Court, however, empowered under Rule 11(b)(3) to order, on its own initiative, an attorney, law firm or party to show cause why Rule 11 has not been violated.  The references to Rule 11 in WTI's Motion and in its Memorandum of Law were intended to call attention to this possibility so that the plaintiffs might consider whether it would be prudent to withdraw their frivolous cause of action for "patent misappropriation".  Obviously, they have elected not to do so.  WTI submits that the absurd arguments made by plaintiffs in their Objection can only serve to heighten the concern that plaintiffs have disregarded their obligations as litigants.  WTI therefore continues to maintain that the Court should consider exercising its authority under Rule 11(b)(3) in light of the lack of merit to plaintiffs' Count IV.

Respectfully submitted,

**WHEELABRATOR TECHNOLOGIES INC.**

By its attorneys,

**DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION**

Dated:  December 20, 2010

By:   /s/ Steven E. Grill
Steven E. Grill (Bar No. 7896)
Jonathan M. Shirley (Bar No. 16494)
111 Amherst Street
Manchester, New Hampshire 03101
Telephone:  603.669.1000
Facsimile:  603.669.8547
sgrill@devinemillimet.com
jshirley@devinemillimet.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Reply to Plaintiffs' Objection to Defendant's Motion to Dismiss Count IV was filed this day via the Court's Electronic Case Filing system, and will be served upon counsel for the above-named Plaintiffs via that system.

Dated: December 20, 2010                                /s/ Steven E. Grill
                                                                                Steven E. Grill