UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FORRESTER ENVIRONMENTAL SERVICES, INC. and KEITH E. FORRESTER, <br><br> Plaintiffs, <br><br> v. <br><br> WHEELABRATOR TECHNOLOGIES, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 1:10-cv-00154-JL

## PLAINTIFFS' SUR-REPLY TO DEFENDANTS'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS COUNT IV

Defendant Wheelabrator Technologies, Inc. ("WTI") is moving to dismiss Count IV of Plaintiffs' Amended Petition, which states a claim for misappropriation under New Hampshire law. The sole basis for WTI's motion is the contention that Plaintiffs' state-law claim is preempted by federal patent law. In its Objection to WTI's motion to dismiss, Plaintiffs explained that they are not seeking to enforce any rights under U.S. patents and that their state law cause of action for misappropriation is not preempted because it does not conflict with federal patent law.

It its Reply, WTI first argues that under the *Sears-Compco* line of cases, Plaintiffs can obtain relief only under federal patent law because Plaintiffs hold U.S. patents for the processes at issue in this case, even though federal patent law doesn't apply because WTI's tortious conduct was in large part extraterritorial. Reply at 1-2. However, as explained in Plaintiffs' Objection, the *Sears-Compco* line of cases on which WTI relies

does not hold that extraterritorial application of state law can be preempted by federal patent law that, as WTI admits, does not apply extraterritorially.

WTI's next argument in its Reply is that *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 146 (1989) and *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979), cited by Plaintiffs in their Objection, do not support the proposition that "the tort of misappropriation can ever be used, under any circumstances, to extend patent protection." Reply at 2. In raising this argument, WTI mislabels Plaintiffs' Count IV as one for "patent misappropriation," which it is not, and suggests that Plaintiffs are seeking to enforce their patents or extend patent protection, neither of which is correct. As explained in Plaintiffs' Objection, the issue is not whether state law can "extend" patent protection, but rather, whether state law can provide protections in the absence of any conflict between the state law and federal patent law. *Bonito Boats* and *Aronson* clearly do support this proposition, as explained in Forrester's Opposition. WTI's Reply simply avoids Plaintiffs argument that federal law cannot possibly preempt a claim to which WTI concedes federal law does not apply.

WTI also argues that "[t]he other cases cited by plaintiffs similarly provide no support whatsoever for the argument that the tort of misappropriation can be used to expand the limited protections granted by federal law." Reply at 3. However, the cases discussed by WTI in its Opposition (*Mueller Co. v. U.S. Pipe & Foundry Co.*, 2003 WL 22272135, *5 (D.N.H.); *Imax Corp. v. Cinema Techs, Inc.*, 152 F.3d 1161 (9th Circuit 1998); and *Riordan v. H.J. Heinz Co.*, 2009 WL 4782155 (W.D.Pa. Dec. 8, 2009)) were previously cited by Plaintiffs for the specific purpose clearly stated in Plaintiffs' Opposition: that "Plaintiffs' claim requires proof that WTI misappropriated Plaintiffs'

valuable commercial processes at little cost, and that Plaintiffs' processes are not protected by federal patent or copyright legislation, or by one of the traditional common law theories of unfair competition." Plaintiffs' Objection at 5.  Thus, Plaintiffs cited these cases to set out the elements of the tort of misappropriation.  WTI's contention that these cases "provide no support whatsoever for the argument that the tort of misappropriation can be used to expand the limited protections granted by federal law", Reply at 3, is specious and not made in good faith.

WTI argues that "Plaintiffs also argue that they are not seeking 'to enforce Forrester's patents extraterritorially,' Plaintiffs' Objection at 10, but that this statement is directly contrary to Plaintiffs' demands for equitable relief and damages, set forth at page 17 of the Amended Petition".  Reply at 4.  Here, WTI is confusing the right with the remedy.  The fact that a plaintiff pleading a particular cause of action may seek a remedy available under a different cause of action, does not mean that the two causes of action are identical or even similar.

WTI also argues that "Plaintiffs even argue that dismissal of their misappropriation claim is premature because 'whether New Hampshire or Taiwanese law applies in this case will need to be resolved."  Reply at 4-5.  WTI now apparently asserts that New Hampshire law, not Taiwanese law, applies.  Plaintiffs have no dispute with this argument, but the possibility that Taiwanese law might apply makes clear that there is no conflict between the applicable law (whether New Hampshire or Taiwanese) and federal patent law—a point which WTI disregards.

Finally, concerning WTI's motion under Fed. R. Civ. P. 11—which was included in WTI's pending motion to dismiss-- WTI concedes that "[P]laintiffs are correct that

WTI has not yet filed a motion under Fed.R.Civ.P. 11. The Court, however, [is] empowered under Rule 11(b)(3) to order, on its own initiative." Reply at 5.  However, by expressly asking this Court to act, WTI has eliminated any possibility that the Court will act on its own initiative, making WTI's argument circuitous.  At the end of its Reply, WTI, having run out of arguments, resorts to name-calling ("the absurd arguments made by plaintiffs").  Reply at 5.

For the foregoing reasons, and for the reasons previously stated in Plaintiffs' Objection, WTI's motion to dismiss Plaintiffs' Count IV, pursuant to Fed. R. Civ. P. 12(b)(6), should be denied and WTI's improper motion for sanctions pursuant to Fed. R. Civ. P. 11 should be disregarded.

                                          Respectfully submitted,

                                          GALLAGHER, CALLAHAN & GARTRELL, PC

Dated:  December 23, 2010       By:    /s/ Erik G. Moskowitz
                                          Michael R. Callahan (Bar No. 424)
                                          Erik G. Moskowitz (Bar No. 18961)
                                          214 N. Main Street
                                          Concord, NH 03302-1415
                                          603-228-1181
                                          callahan@gcglaw.com
                                          moskowitz@gcglaw.com

                                          OF COUNSEL:

                                          Sibley P. Reppert
                                          Michael J. Markoff
                                          Pearl Cohen Zedek Latzer LLP
                                          50 Congress Street, Suite 1010
                                          Boston, MA 02109
                                          (617) 228-5725
                                          (617) 228-5721 fax
                                          SibleyR@pczlaw.com
                                          mmarkoff@verizon.net

Clyde A. Shuman
Pearl Cohen Zedek Latzer LLP
1500 Broadway, 12th Floor
New York, NY 10036
(646) 878-0800
Fax (646) 878-0801
ClydeS@pczlaw.com

Attorney for Plaintiffs Forrester
Environmental Services, Inc. and
Keith E. Forrester

CERTIFICATE OF SERVICE

    I, Erik G. Moskowitz, hereby certify that a copy of the foregoing was sent this date via ECF to counsel of record.

Dated:  December 23, 2010    By:    /s/ Erik G. Moskowitz
    Erik G. Moskowitz (Bar No. 18961)