UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Forrester Environmental Services,
Inc. and Keith Forrester</u>

    v.                          Civil No. 10-cv-154-JL

<u>Wheelabrator Technologies, Inc.</u>

**SUMMARY ORDER**

The parties have asked this court to resolve a number of discovery disputes in this case, which arises from (allegedly tortious) competition between two New Hampshire companies over a customer in Taiwan.  <u>See</u> Fed. R. Civ. P. 37(a)(3)(B) (allowing a "party seeking discovery [to] move for an order compelling an answer [or] production").  After discussing the disputes with the parties at an in-chambers conference on February 7, 2011, this court makes the following rulings, which were first conveyed and explained to the parties during a motion hearing held immediately after the in-chambers conference:

**<u>Plaintiffs' requests for relief</u> (document no. 27)**

Plaintiffs' request to compel answers to their interrogatories is GRANTED as to interrogatories no. 2, 3, and 4, which are relevant and reasonable in scope, but DENIED as to interrogatory no. 1, which is overbroad.  To the extent that the defendant believes certain technical terms in interrogatories no. 2 and 4 need to be defined more clearly to be capable of a

response, the defendant shall either (a) include its own definitions in its answers, or (b) request a narrower definition from plaintiffs, identifying specifically what clarification the defendant seeks.

Plaintiffs' request to compel production of documents is GRANTED as to document request no. 31, which is relevant and reasonable in scope, but DENIED as to document requests no. 1, 2, 3, and 28, which are overbroad in seeking "all documents and things concerning" certain patents or technology.  If they wish, however, plaintiffs may narrow those overbroad requests to a reasonable scope and resubmit them to the defendant.

Plaintiffs' request to compel production of documents is MOOT as to document requests no. 21, 22, 24, 50, and 51, as to which the defendant represented that it has produced all responsive documents.

**Defendant's requests for relief (document no. 28)**

Defendant's request to compel answers to interrogatories is GRANTED as to interrogatories no. 9, 10, and 11, which are relevant and reasonable in scope, but DENIED as to interrogatories no. 2, 4, 5, and 7, as to which plaintiffs gave sufficient responses, with one exception:  on interrogatory no. 5, plaintiffs shall provide a supplemental answer to the defendant identifying, to the best of their knowledge, the date(s) on which they believe Kobin Environmental Enterprises

Company breached and/or terminated its contract with Forrester Environmental Services, Inc.

Defendant's request to compel production of documents is GRANTED as to document requests no. 24 and 28, which are relevant and reasonable in scope.

Finally, Defendant's request for a ruling that plaintiffs waived the attorney-client privilege has been withdrawn and, in any event, there was no waiver.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  February 8, 2011

cc:  Erik Graham Moskowitz, Esq.
     Michael J. Markoff, Esq.
     Sibley P. Reppert, Esq.
     Steven E. Grill, Esq.
     Jonathan M. Shirley, Esq.