UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Forrester Environmental Services,
Inc. and Keith Forrester

    v.                                         Civil No. 10-cv-154-JL

Wheelabrator Technologies, Inc.

**SUMMARY ORDER**

    Plaintiffs Keith Forrester and his company Forrester Environmental Services, Inc. alleged in count 4 of their complaint that defendant Wheelabrator Technologies, Inc. violated New Hampshire common law by misappropriating certain proprietary methods for which Forrester holds patents.  See document no. 1-1, at 13-16.  Wheelabrator moved to dismiss that common-law misappropriation claim, see Fed. R. Civ. P. 12(b)(6), arguing that it is pre-empted by federal patent law.  During oral argument, Wheelabrator further argued that the claim is pre-empted by New Hampshire's Uniform Trade Secrets Act ("NHUTSA"), N.H. Rev. Stat. § 350-B:7, which bars state-law "claims that are based upon the unauthorized use of information" unless they meet the statutory requirements for trade secret misappropriation. Mortgage Specialists, Inc. v. Davey, 153 N.H. 764, 777 (2006).  This court ordered supplemental briefing on that issue.  See document no. 32.

The plaintiffs responded by asserting that their complaint's reference to New Hampshire common law was "incorrect," document no. 34, at 4 n.3, and that their misappropriation claim actually arises under the NHUTSA itself, thus avoiding statutory pre-emption as well as federal pre-emption.  See, e.g., Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 492 (1974) ("patent law does not pre-empt trade secret law").  While conceding, as they did at oral argument, that most of the allegedly misappropriated information "had been disclosed through United States patents issued prior to" the misappropriation, and hence cannot be considered a trade secret, the plaintiffs now claim that some of the information was still confidential at the time of misappropriation, including certain proprietary methods that were not patented until 2009.  Document no. 34, at 2.  They claim that the confidential information "constituted a trade secret" within the meaning of the NHUTSA.  Id.

This court will treat the plaintiffs' supplemental brief as a motion for leave to amend their complaint to state a claim for trade secret misappropriation under the NHUTSA, rather than common-law misappropriation.  The scheduling order established a deadline of December 1, 2010 for such amendments.  See document no. 17, approved by order dated Oct. 14, 2010.  That deadline passed three months ago.  Although ordinarily "[t]he court should freely give leave [to amend] when justice so requires," Fed. R.

Civ. P. 15(a)(2), a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "Our case law clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008). It is the plaintiffs' burden to establish "good cause" for the late amendment. Id.

The main focus of the "good cause" inquiry is "the diligence of the party seeking the amendment." O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004). The plaintiffs obviously could have been more diligent here. This is essentially their third bite at the apple: They initially brought a patent infringement action, see Forrester Enviro. Svcs., Inc. v. Wheelabrator Techs., Inc., No. 07-cv-404-JD (D.N.H. Dec. 14, 2007), but voluntarily dismissed it after Wheelabrator, arguing that federal patent law does not apply to foreign sales, see Microsoft Corp. v. AT&T Corp., 550 U.S. 437, 441 (2007), moved to dismiss. In this second action, they turned instead to state law, alleging common-law misappropriation. Again, Wheelabrator moved to dismiss, arguing that both patent law and the NHUTSA pre-empt such claims. Now the plaintiffs have settled upon a

NHUTSA claim, which they could have simply asserted from the beginning.

Nevertheless, the plaintiffs have been diligent enough to satisfy the "good cause" standard.  They did, after all, plead a claim for misappropriation, which is the essence of a NHUTSA claim.  And they expressly noted that some of the allegedly misappropriated methods were not patented until 2009, after the misappropriation.  That provided at least some notice to Wheelabrator that the methods might have been trade secrets.  Indeed, had the plaintiffs not expressly invoked New Hampshire common law, their complaint arguably could have been construed as stating a trade secret misappropriation claim under the NHUTSA, without need for any amendment.  Cf., e.g., Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 282 (7th Cir. 2002) (a plaintiff "doesn't have to specify the statute or common law principle that the defendant has violated"); Berezin v. Regency Sav. Bank, 234 F.3d 68, 72 (1st Cir. 2000) (a plaintiff is "not require[d] . . . to specify its legal theory of recovery, so long as the complaint implicates the relevant legal issues") (quotation omitted).[1]

---

[1] It is also worth noting that, had Wheelabrator raised the NHUTSA pre-emption issue in its motion to dismiss (rather than at oral argument, two months later), the plaintiffs could have simply responded by amending their complaint before the deadline, which had not yet passed.

The other component of the "good cause" injury is whether the amendment will unfairly prejudice the opposing party. O'Connell, 357 F.3d at 155 ("Prejudice to the opposing party remains relevant but is not the dominant criterion."). Wheelabrator will not be unfairly prejudiced by the amendment here. Judging from the discovery issues in which this court has been involved, see document no. 30, it is likely that the discovery to date has already encompassed much, if not all, of the information relevant to the plaintiffs' NHUTSA claim. Moreover, the close of discovery is still three months away, so Wheelabrator has time to arrange any additional discovery needed on that claim (and may request further relief from this court, if necessary). This is not one of those "disfavored" amendments "whose timing prejudices the opposing party by requiring a re-opening of discovery." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quotation omitted).[2]

Having weighed all of the relevant considerations, this court concludes that there is "good cause" under Rule 16(b) for a post-deadline amendment of the complaint. Plaintiffs are therefore GRANTED leave to amend count 4 of their complaint to

---

[2] Nor is this a case where the plaintiffs sought to amend their complaint "after the opposing party has timely moved for summary judgment." Steir, 383 F.3d at 12. Wheelabrator has moved for summary judgment, see document no. 36, but that happened after the plaintiffs' supplemental brief asserting the NHUTSA claim.

state a claim for trade secret misappropriation under the NHUTSA, rather than a claim for common-law misappropriation. They shall file their amended complaint within 72 hours of this order. In light of that amendment, Wheelabrator's motion to dismiss the plaintiffs' common-law misappropriation claim (document no. 21) is DENIED as moot.

The parties shall contact the clerk's office to schedule a conference call with the court, at a mutually available date and time, regarding Wheelabrator's pending motion for summary judgment (document no. 36).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 7, 2011

cc: Erik Graham Moskowitz, Esq.
    Michael J. Markoff, Esq.
    Sibley P. Reppert, Esq.
    Steven E. Grill, Esq.
    Jonathan M. Shirley, Esq.