UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE


Forrester Environmental
Services, Inc. and Keith E.
Forrester

     v.                                   Civil No. 10-cv-154-JL

Wheelabrator Technologies, Inc.


                           **SUMMARY ORDER**

     Plaintiffs Keith Forrester and Forrester Environmental

Services, Inc. have moved to extend the deadline for challenges

to expert testimony.  For the reasons stated herein, the court

denies plaintiffs' motion.

     On September 1, 2011, defendant Wheelabrator Technologies,

Inc. provided a timely disclosure of witnesses, not specifically

retained, who were expected to give expert testimony at trial.

See Fed. R. Civ. P. 26(a)(2)(C).  Among those it disclosed was

Marion Surgi, PhD, who at one point had worked as an outside

consultant for Wheelabrator.  On October 14, 2011--little more

than two weeks before the November 1, 2011 deadline for

challenging anticipated expert testimony--plaintiffs' counsel e-

mailed Wheelabrator's counsel, asking to take Surgi's deposition

"before November 4."  After a series of e-mail exchanges, on

October 21, 2011, Wheelabrator's counsel responded that "it looks

like either November 30 or December 1 are the only dates that will work."

On October 24, 2011, plaintiffs filed the instant motion, asserting that they had not been able to determine whether to challenge Surgi's proposed expert testimony "until recently" because of "the extensive summary judgment and other motion practice in September 2011." They seek to extend the deadline to make that challenge on the theory that Wheelabrator's refusal to produce Surgi for deposition before November 1 deprived them "of the opportunity to challenge [his] proposed expert testimony in accordance with the current discovery schedule."

A scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). Plaintiffs have not shown that. Any prejudice that may result from their inability to depose Surgi within the time requested was occasioned by their own inaction. Wheelabrator disclosed Surgi as a potential expert witness within the deadline agreed to by the parties. Rather than promptly evaluating whether Surgi's deposition would be necessary, plaintiffs waited one and a half months before writing an e-mail to Wheelabrator's counsel to request the deposition. At that point, just two weeks remained before the agreed-upon deadline for challenges to expert testimony.

It should have come as no surprise to plaintiffs to learn that Surgi would not (or could not) voluntarily make himself available for deposition sometime in those two weeks. Had they nonetheless wanted to compel his deposition within that two-week period, plaintiffs could have issued a subpoena to him. See Fed. R. Civ. P. 45. Contrary to their suggestion, it was not sufficient simply to ask Wheelabrator to produce him, because Wheelabrator did not specifically retain him to give expert testimony, nor was he otherwise within its control. As the advisory committee notes to Rule 26(a)(2)(C) caution, expert witnesses who "have not been specifically retained . . . may not be as responsive to counsel as those who have." In choosing to seek Surgi's attendance at deposition by using Wheelabrator as an intermediary, rather than subpoenaing him, plaintiffs ran the risk that he would not respond in a timely fashion.

What's more, plaintiffs' initial request that Wheelabrator produce Surgi asked for a deposition date "before November 4." Even if Wheelabrator had produced Surgi on November 2 or 3, as plaintiffs requested, they would not have had the benefit of his testimony prior to the November 1 deadline for expert challenges. Plaintiffs therefore cannot claim to have suffered any unfair prejudice from Wheelabrator's inability to produce Surgi within the window of time they requested.

Plaintiffs' motion to re-set the deadline for challenges to expert testimony[1] is therefore DENIED.[2]  Accordingly, plaintiffs' supplemental motion to strike Surgi's expert designation,[3] which was filed on January 10, 2012, is DENIED as untimely.  The court will not take that filing into account when considering plaintiffs' initial motion to strike Surgi's expert designation.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: January 24, 2012

cc:  Erik Graham Moskowitz, Esq.
      Michael J. Markoff, Esq.
      Sibley P. Reppert, Esq.
      Steven E. Grill, Esq.
      Jonathan M. Shirley, Esq.

---

[1] Document no. 146.

[2] The motion also seeks to compel Wheelabrator to produce Surgi for deposition.  The court understands that plaintiffs have deposed Surgi since filing the motion, so the motion is moot insofar as it seeks that relief.

[3] Document no. 211.