```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW HAMPSHIRE
```

Forrester Environmental
Services, Inc. and Keith E.
Forrester

    v.                                      Civil No. 10-cv-154-JL
                                              Opinion No. 2012 DNH 022

Wheelabrator Technologies, Inc.


**SUMMARY ORDER**

Defendant Wheelabrator Technologies, Inc. has moved for reconsideration of this court's order denying its motion for summary judgment on Counts 1-3 of plaintiffs' complaint. Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc., 2011 DNH 212 ("Order"). Wheelabrator argues that the court made multiple errors of law or fact in ruling that it was not entitled to summary judgment on those claims.

The facts relevant to the motion for summary judgment are set forth in the Order. Plaintiffs Keith Forrester and Forrester Environmental Services, Inc. compete with Wheelabrator in the arcane field of stabilizing toxic metals in incinerator ash. They allege that Wheelabrator, after learning that a mutual customer in Taiwan--Kobin--had abandoned Wheelabrator's treatment in favor of plaintiffs', responded by repeatedly and falsely telling Kobin that it owned the rights to plaintiffs' treatment and demanding that Kobin pay it royalties for using that

treatment. Kobin reacted, plaintiffs say, by first stopping regular purchases of chemicals from them, then terminating its contract with them and resuming a relationship with Wheelabrator. They assert claims for tortious interference with contract, tortious interference with prospective advantage, unfair and deceptive practices in violation of the Consumer Protection Act, and misappropriation of trade secrets in violation of the Uniform Trade Secrets Act.

In the Order, the court granted summary judgment to Wheelabrator on the trade secret claim, concluding there was no evidence Wheelabrator disclosed or used plaintiffs' alleged secret, or indeed, that it even knew the secret. Order at 29-35. As to the other claims, however, the court denied the motion for summary judgment, concluding that genuine issues of material fact remained as to Wheelabrator's statute-of-limitations defense, including as to when plaintiffs first knew or should have known of Wheelabrator's alleged misconduct. Id. at 22-28. As fully explained infra, defendants' motion for reconsideration fails to demonstrate any "manifest error of fact or law" in these rulings, L.R. 7.2(e), and is therefore denied.

## I. Statute of limitations

Wheelabrator first argues that the court "erred in its application of New Hampshire's statute of limitations, and in

particular, with respect to the New Hampshire 'discovery rule' as set forth in [N.H. Rev. Stat. Ann. §] 508:4, I." Under the statute of limitations, the plaintiffs' claims accrued when they "[d]iscovered, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of." N.H. Rev. Stat. Ann. § 508:4, I. From that date, they had three years within which to file suit. Id. In the Order, the court concluded that, although plaintiffs knew or should have known of their injury--Kobin's cessation of purchases from them--more than three years before this action was filed in February 2010, there was evidence creating a genuine dispute of material fact as to whether they first learned of the causal relationship between their injury and Wheelabrator's alleged misstatements within the three-year period preceding the filing of this action. Order at 23-26.

Wheelabrator disagrees with that conclusion, relying upon the New Hampshire Supreme Court's holding that "a plaintiff need not be certain of [the] causal connection" between the injury and the defendant's misconduct, and the "possibility that [such a connection] existed will suffice to obviate the protections of the discovery rule." Beane v. Dana S. Beane & Co., P.C., 160 N.H. 708, 713 (2010). Thus, Wheelabrator argues, because Forrester knew of the possibility that Kobin had resumed business

with Wheelabrator by January 2007 at the latest--as evidenced by a letter he wrote to Kobin that month expressing concern that Kobin could be resuming the use of Wheelabrator's treatment--he cannot take advantage of the discovery rule as a matter of law.

This argument fails.  For the statute of limitations to begin running under Beane, the plaintiff must know of the possibility "that its injury was proximately caused by conduct of the defendant."  Id.  But, viewing Forrester's letter in the light most favorable to plaintiffs, all it evinces is a suspicion that Kobin had resumed business with Wheelabrator.  It does not necessarily evince, as Wheelabrator argues, that plaintiffs suspected that Kobin's cessation of business with them (or its contemporaneous resumption of business with Wheelabrator) was caused by Wheelabrator's misconduct.  See Order at 25.  As discussed in the Order, that may be a permissible inference from the letter.  It may even be the most plausible inference.  But it is by no means inescapable.  Id. at 24-25.  When the record permits competing inferences on a material factual issue, choosing the "better" one is the role of the finder of fact at trial, not the court on summary judgment.[1]  See, e.g., Montfort-

---

[1]To promote the swift resolution of this issue, the court has scheduled an evidentiary hearing at which the parties will present evidence as to when plaintiffs discovered, or in the exercise of reasonable diligence should have discovered, Wheelabrator's alleged misconduct.  See Keshishian v. CMC

Rodriguez v. Rey-Hernandez, 504 F.3d 221, 228-29 (1st Cir. 2007). This court did not err, manifestly or otherwise, in concluding that plaintiffs' claims were not barred by the statute of limitations as a matter of law.

## II.  **Elements of plaintiffs' claims**

Wheelabrator next argues that the court "misapprehended the elements of plaintiffs' business tort claims." It asserts that the court "seems" to assume, in the Order, that plaintiffs' claims turn on "whether Wheelabrator made 'false' statements of its patent rights," but the real question is "whether Wheelabrator believed, in good faith, that its opinions were valid."  Mot. for Recons. (document no. 209) at 2-3 (citing Golan v. Pingel Enter., Inc., 310 F.3d 1360 (Fed. Cir. 2002); and Harris Wayside Furniture Co., Inc. v. Idearc Media Corp., No. 06-cv-392-JM, 2007 WL 1847313 (D.N.H. June 25, 2007)).

This argument does not present a basis for the court to revisit or revise its summary judgment ruling.  As an initial matter, Wheelabrator never raised this issue in any of the three

---

Radiologists, 142 N.H. 168, 179-80 (1997) (application of the discovery rule is a question of fact to be decided by the court, and may be decided following an evidentiary hearing prior to trial).  This procedure was settled on at an in-chambers conference on January 19, 2012, at which Wheelabrator assented to the resolution of the statute of limitations issue in this manner.  See document no. 214.

memoranda it filed in support of its motion for summary judgment. Those memoranda cited neither of the two cases Wheelabrator now relies upon, Golan and Harris Wayside Furniture, nor did they articulate the theory Wheelabrator now presents in support of its motion for reconsideration.  A motion for reconsideration should not be used "to advance arguments that could and should have been presented to the district court prior to judgment." Skinner v. Salem Sch. Dist., 718 F. Supp. 2d 186, 193 (D.N.H. 2010); see also Global Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25-26 (1st Cir. 2007).

More to the point, the Order does not endorse the position Wheelabrator ascribes to it, i.e., that plaintiffs can succeed on their claims merely by showing that Wheelabrator's statements to Kobin regarding its ownership of intellectual property were false.  Such a statement of the law appears nowhere in the Order, and Wheelabrator itself does not argue that the Order requires any alteration.  Furthermore, Wheelabrator does not claim it would be entitled to summary judgment even if the court adopted its theory.  To the contrary, it acknowledges that, even if the court adopts its view of the law, it will be entitled to judgment only "[i]f the jury believes" that it had a good-faith belief in

the truth of its statements.[2]  Wheelabrator's motion for reconsideration provides no basis for this court to reconsider the ruling it actually made, i.e., that the evidence in the summary judgment record does not entitle Wheelabrator to summary judgment on Counts 1-3 of the operative complaint.

### III.  Causation

Wheelabrator finally argues that the court "erred in not granting summary judgment on the facts, in that plaintiffs have no competent evidence that any decision made by Kobin which allegedly resulted in damage to plaintiffs resulted from Kobin's reasonable reliance on Wheelabrator's statements."  This argument is premised on the propositions that (a) to recover on their claims, plaintiffs must come forth with evidence to show that Kobin's initial cessation of purchases in late 2006 was causally related to Wheelabrator's misconduct, and (b) plaintiffs have not done so.  Neither proposition is correct.

First, if plaintiffs can show that, but for Wheelabrator's misconduct, Kobin would have resumed purchasing chemicals from them, they can recover damages for the sales they would have made

---

[2]To a neutral observer, Wheelabrator's request for reconsideration of this point might therefore seem to be a sly attempt to bolster the other submissions to the court in which it has advanced this same argument (e.g., its pretrial statement and various motions in limine).  Such an attempt would, of course, be improper in the context of a motion for reconsideration.

in the absence of the misstatements; it is not incumbent upon them to show that Wheelabrator was the cause of Kobin's original decision to stop purchases.  Cf. Baker v. Dennis Brown Realty, Inc., 121 N.H. 640, 644 (1981) (under a tortious interference theory, a defendant may be held liable where it "induced or otherwise caused" a party "not to enter into a contract with the plaintiff").  To this end, plaintiffs have proffered, among other things, an August 2007 Kobin report, authenticated by a former Kobin employee, that suggests that Kobin was contemplating the purchase of chemicals from plaintiffs in the future, but due to Wheelabrator's alleged fraud, believed it could not do so and therefore terminated its existing contract with plaintiffs. While Kobin resumed purchasing chemicals from plaintiffs another six months later (at what plaintiffs contend is a substantially lower profit margin), plaintiffs may nonetheless be entitled to recover damages for their lost sales in the interim.

Second, plaintiffs have in fact come forward with evidence establishing that Kobin's decision to stop purchasing chemicals in 2006 was caused by Wheelabrator's misconduct.  Kobin's August 2007 report, when taken in conjunction with other evidence summarized in the Order, could lead a reasonable trier of fact to find that Kobin's decision to enter into a new contract with Wheelabrator in November 2006--and concurrent cessation of

chemical purchases from plaintiffs--was the direct and proximate result of Wheelabrator's deliberate and fraudulent claim to ownership of the methods developed by plaintiffs.  It is true that this evidence is hardly overwhelming, and is largely circumstantial, but that fact alone does not entitle Wheelabrator to summary judgment.  See, e.g., Montfort-Rodriguez v. Rey-Hernandez, 504 F.3d 221, 228-29 (1st Cir. 2007) (overruling entry of summary judgment for defendants; although plaintiff's evidence was "circumstantial" and "thin," the evidence "point[ed] in different directions" and "[s]ummary judgment cannot be predicated on so vacillatory a record").  Wheelabrator's motion for reconsideration of the court's summary judgment ruling, insofar as it found a genuine issue as to causation, is denied.

## IV.  Conclusion

For the reasons set forth above, Wheelabrator's motion for reconsideration[3] is DENIED.

---

[3]Document no. 209.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: January 30, 2012

cc: Erik Graham Moskowitz, Esq.
    Michael J. Markoff, Esq.
    Sibley P. Reppert, Esq.
    Steven E. Grill, Esq.
    Jonathan M. Shirley, Esq.