```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

Forrester Environmental
Services, Inc. and Keith E.
Forrester

    v.                                    Civil No. 10-cv-154-JL

Wheelabrator Technologies, Inc.

**SUMMARY ORDER**

    Plaintiffs Keith Forrester and Forrester Environmental Services, Inc. have moved for leave to file an amended reply to the counterclaim of defendant Wheelabrator Technologies, Inc. Specifically, they seek permission to raise an additional affirmative defense--that Wheelabrator's counterclaim is barred by the applicable statute of limitations--that they did not include in their two previous replies to the counterclaim. As explained herein, given plaintiffs' lack of diligence in seeking leave to amend, the court denies the motion.

    Wheelabrator initially filed its counterclaim on May 20, 2010, in conjunction with its answer to plaintiffs' complaint. The counterclaim alleges that Forrester, a former employee of Wheelabrator's predecessor entity, flouted his contractual and common-law obligations to the company, misappropriating its intellectual property and claiming it as his own. Based upon these allegations, Wheelabrator seeks a judgment "declaring that it is the owner of the methods, technologies and other

intellectual property which plaintiffs claim to own," an accounting, and injunctive relief.

Plaintiffs filed a timely reply to the counterclaim on June 3, 2010, asserting only two "affirmative defenses": first, that the counterclaim "fails to state a claim upon which relief may be granted," and second, that the counterclaim "is barred by the doctrine of laches." Following briefing on Wheelabrator's motion to dismiss one of the counts of plaintiffs' complaint, the court granted plaintiffs leave to amend their complaint, although the deadline for amending pleadings set forth in the scheduling order--December 1, 2010--had already passed. See Order of March 7, 2011. Plaintiffs duly filed a second amended complaint on March 10, 2011. On March 24, 2011, Wheelabrator answered the second amended complaint, in the process renewing the same counterclaim against plaintiffs.

The deadline for plaintiffs to reply to Wheelabrator's renewed counterclaim was April 11, 2011. Plaintiffs did not file a reply to the counterclaim by that date; instead, on April 20, 2011, they moved for leave to file an untimely reply. The court granted plaintiffs' motion, and they filed their reply to the counterclaim on July 29, 2011. That reply again asserted the same two affirmative defenses that their earlier reply to the counterclaim had asserted, neither of which invoked the statute of limitations.

One month later, on August 30, 2011, plaintiffs moved for summary judgment on Wheelabrator's counterclaim, arguing that the counterclaim was barred by New Hampshire's three-year statute of limitations.  See N.H. Rev. Stat. Ann. § 508:4.  On December 16, 2011, this court denied plaintiffs' motion for summary judgment on the grounds that they did not "assert a statute of limitations defense in their reply to the counterclaim" and that they had "not sought leave of court to amend their reply to add a statute of limitations defense." Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc., 2011 DNH 212, 35-36.  On January 10, 2012, plaintiffs filed the instant motion, seeking leave to add a statute of limitations defense to their reply.

The scheduling order established a deadline of December 1, 2010 for plaintiffs to amend their pleadings.  That deadline expired well over a year before plaintiffs filed their motion to amend.  Although ordinarily "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), a scheduling order "may be modified only for good cause."  Fed. R. Civ. P. 16(b)(4); see also Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (2004).

It is the plaintiffs' burden, as the parties seeking leave to amend, to establish "good cause" for the late amendment. Steir, 383 F.3d at 12.  The focus of the "good cause" inquiry is "the diligence of the party seeking the amendment."  O'Connell v.

Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004). To carry their burden of showing good cause, plaintiffs must demonstrate that the deadline in the scheduling order could not reasonably be met, despite their diligence. Id. at 154. They have not done that.

Plaintiffs' motion to amend comes more than eighteen months after they filed their initial reply to the counterclaim, more than one year after the deadline for amending pleadings, six months after plaintiffs filed their reply to the renewed counterclaim, and several months after both the discovery and dispositive motion deadlines had passed. Such "protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Steir, 383 F.3d at 12.

The sole excuse plaintiffs offer for this protracted delay, moreover, is "inadverten[t] fail[ure] to reduce the statute of limitations defense to writing." In other words, plaintiffs acknowledge there was no legitimate reason they could not have met the agreed-upon deadline in the scheduling order. They simply failed to exercise the care and caution they should have in drafting their written pleadings. That is not diligence; it is neglect. And neglect--or to use plaintiffs' preferred term, "inadvertence"--is not grounds for granting plaintiffs leave to

amend their answer to the counterclaim this late in the day.[1] See <u>Zimmerman v. Cambridge Credit Counseling Corp.</u>, 529 F. Supp. 2d 254, 265 (D. Mass. 2008) ("[E]xtensive delay . . ., accompanied by only a minimal explanation of 'inadvertence,' is insufficient to show the diligence that would surmount the good cause standard."); <u>see also</u> 6A Charles Alan Wright <u>et al.</u>, <u>Federal Practice and Procedure</u> § 1522.2, at 322-25 & n.13 (3d ed. 2010) (noting that "[a]ttorney neglect or inadvertence will not constitute good cause" and citing cases).[2]

Plaintiffs also argue that adding the defense at this stage will not prejudice Wheelabrator. But Rule 16's "good cause" standard is less concerned with prejudice to the opposing party

---

[1] This is not the first time the court has had to address such neglect by plaintiffs. As noted <u>supra</u>, the court already granted plaintiffs leave to (1) file an amended complaint outside the scheduling order's deadline and (2) file an untimely reply to the counterclaim. More recently, the court denied plaintiffs' motion to extend the deadline to challenge expert testimony due in large part to their delay in seeking to depose Wheelabrator's expert. <u>See</u> Order of Jan. 24, 2012. Were this the first time plaintiffs had failed to diligently comply with a deadline, the court might be more inclined to view their "inadvertence" sympathetically. But plaintiffs have established a pattern. "[L]itigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." O'Connell, 357 F.3d at 155.

[2] It is worth noting that even under Rule 15(a)'s liberal amendment policy, where--as here--"considerable time has elapsed between the filing of the [original pleading] and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay." Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 52 (1st Cir. 1998). The court perceives no valid reason for plaintiffs' neglect in their advertence to "inadvertence."

than it is with the diligence of the moving party. O'Connell, 357 F.3d at 155. Assuming, dubitante, that a lack of prejudice would excuse plaintiffs' utter lack of diligence in seeking leave to amend, the court does not agree that Wheelabrator would not be prejudiced by the proposed amendment.

As an initial matter, the court cannot accept the premise of plaintiffs' argument--that Wheelabrator knew of the anticipated statute of limitations defense before the close of discovery. To support this premise, plaintiffs rely upon requests for admission that they served upon Wheelabrator in March 2011 and a discovery motion that followed a month later. But neither the requests for admission nor the discovery motion referred to N.H. Rev. Stat. Ann. § 508:4, which plaintiffs contend is the applicable statute of limitations, or even mentioned the term "statute of limitations." The motion did indicate that plaintiffs were seeking to establish "that [the] counterclaim was time-barred." But plaintiffs' reference to a time bar could just as easily have referred to laches, which plaintiffs did plead as an affirmative defense.[3]

As the court noted in its order denying plaintiffs' motion for summary judgment on the counterclaim, that was "the first filing that squarely raise[d] their statute of limitations

---

[3]Indeed, the United States Supreme Court has referred to laches as a time bar. See, e.g., Oneida Cnty., N.Y. v. Oneida Indian Nation of N.Y. State, 470 U.S. 226, 240 n.13 (1985).

defense," and thus the first time Wheelabrator and the court were put on notice that plaintiffs were asserting that defense. Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc., 2011 DNH 212, 38. That motion was filed two months after the close of fact discovery and not long before the (then-scheduled) trial. Even if, as plaintiffs argue, all the facts relevant to the statute of limitations defense are in Wheelabrator's possession, the lack of notice to Wheelabrator regarding the defense means that it did not have a meaningful opportunity to conduct its own investigation into those facts. It also means that Wheelabrator has been deprived of the same opportunity as plaintiffs to formulate a trial strategy that incorporates a statute of limitations defense to the counterclaim. Plaintiffs' lack of diligence aside, Wheelabrator would be prejudiced by the addition of a statute of limitations defense at this stage of the proceedings.

Plaintiffs' motion for leave to file an amended reply to defendant's counterclaim (document no. 210) is therefore DENIED.


**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 19, 2012

cc:  Erik Graham Moskowitz, Esq.
     Michael J. Markoff, Esq.
     Sibley P. Reppert, Esq.
     Steven E. Grill, Esq.
     Jonathan M. Shirley, Esq.