UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Forrester Environmental
Services, Inc. and Keith E.
Forrester</u>

     v.                               Civil No. 10-cv-154-JL
                                          Opinion No. 2012 DNH 068
<u>Wheelabrator Technologies, Inc.</u>

**<u>MEMORANDUM ORDER</u>**

In this hotly-litigated commercial dispute, Keith Forrester and his company, Forrester Environmental Services, Inc. ("FESI"), have sued his former employer, Wheelabrator Technologies, Inc. They allege that Wheelabrator falsely told a mutual customer, Taiwanese waste treatment company Kobin Environmental Enterprise Co., Ltd., that Wheelabrator owned the U.S. patent rights to FESI's intellectual property, among other things, and that this caused Kobin to stop doing business with FESI. Forrester and FESI assert claims for (1) unfair and deceptive trade practices in violation of the Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A, (2) tortious interference with contractual relationship, and (3) tortious interference with prospective advantage.[1]  This

---

[1]Plaintiffs also asserted a fourth claim for trade secret misappropriation in violation of the Uniform Trade Secrets Act, N.H. Rev. Stat. Ann. § 350-B.  The court granted summary judgment to Wheelabrator on that claim, as plaintiffs proffered no evidence that Wheelabrator "misappropriated" their trade secrets within the meaning of that statute.  Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc., 2011 DNH 212, 29-35.

court has jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (patent) because the plaintiffs' right to relief necessarily depends on resolution of substantial questions of federal patent law.

Wheelabrator previously moved for summary judgment, arguing that plaintiffs' claims are barred, in whole or in part, by the three-year statute of limitations set forth in N.H. Rev. Stat. Ann. § 508:4, I.  The court rejected that argument and denied Wheelabrator's motion, concluding that a genuine issue of material fact existed as to when plaintiffs first discovered (or should have discovered) Wheelabrator's alleged misconduct, the event that started the running of the limitations period under the so-called "discovery rule." Forrester, 2011 DNH 212, 22-26. Because the New Hampshire Supreme Court has held that application of the discovery rule is a question of fact to be decided by the court, see Keshishian v. CMC Radiologists, 142 N.H. 168, 179-80 (1997), the court scheduled a pre-trial evidentiary hearing to promote the swift resolution of this issue.

In advance of the hearing, plaintiffs submitted a witness list indicating that they intend to offer the deposition testimony of Haun-Chung "Dennis" Chao, a resident of Taiwan and former Kobin employee, in lieu of live testimony at the hearing. Wheelabrator has moved in limine to exclude Chao's videotaped

2

deposition testimony at both the hearing and, if plaintiffs'
claims survive that hearing, trial.  <u>See</u> L.R. 16.2(b)(3).
Wheelabrator raises several arguments in support of its motion.
First, it argues that Chao is plaintiffs' agent, and that, if
plaintiffs wish to offer his testimony, they should be compelled
to produce him in person rather than using videotaped testimony.
Wheelabrator further argues that Chao's credibility is at issue,
making his personal attendance desirable; that it did not have a
full and fair opportunity to prepare for that deposition; and
that his videotaped deposition, which was his second deposition
in this action, was taken without obtaining leave of court
pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii).

For the reasons fully explained below, of these various
objections to using Chao's deposition testimony at the hearing or
trial, the final argument is the only meritorious one.  Because,
however, that argument does not require exclusion of the
testimony under the present circumstances, Wheelabrator's motion
is denied.

## I.   Chao's status as plaintiffs' agent

Wheelabrator first argues that Chao--who, it claims, was
paid for his testimony (or, at the very least, is plaintiffs'
employee)--is required to appear in person because he is

plaintiffs' agent.  This argument finds no support in the Federal
Rules of Civil Procedure, and is easily rejected.

Rule 32(a)(4) provides that "[a] party may use for any
purpose the deposition of a witness, <u>whether or not a party</u>, if
the court finds [that the witness is unavailable]" (emphasis
added).  The rule therefore allows the use of an unavailable
witness's deposition testimony in lieu of live testimony even if
that witness is a party.  It follows that the rule also covers
the depositions of agents and employees of parties.  There is no
real dispute that Chao is not available within the meaning of the
rule, as he lives in Taiwan.  <u>See</u> <u>id.</u> 32(a)(4)(B) (witness is
unavailable if he or she "is outside the United States, unless it
appears that the witness's absence was procured by the party
offering the deposition").  Thus, even assuming Chao is
plaintiffs' agent (a fact plaintiffs contest), that does not
affect the admissibility of his deposition testimony at the
upcoming evidentiary hearing and trial.

It may be that Wheelabrator is arguing that Chao is not
truly "unavailable" within the meaning of the rule because
plaintiffs procured his absence.  <u>See</u> <u>id.</u>  That argument, though,
is also unsupported.  As our court of appeals has explained, a
conclusion that a party has procured the absence of a witness
requires a finding that the party "actively took steps to keep

4

the deponents from setting foot in the courtroom," and "procuring absence and doing nothing to facilitate presence are quite different things." Carey v. Bahama Cruise Lines, 864 F.2d 201, 204 (1st Cir. 1988). The facts in Carey are instructive. There, the defendant cruise line sought to use the deposition testimony of its own employees, crewmen aboard one of its ships who were at sea at the time of trial. Id. Although the deponents were the defendant's employees (and the defendant presumably could have kept them on shore rather than sending them to sea), the court of appeals held that it was not error to admit their deposition testimony because there was no evidence that the defendant had taken any steps to keep them out of court. Id.

Here, as there, there is no evidence that plaintiffs "actively took steps" to make Chao unavailable; Wheelabrator does not suggest that plaintiffs are responsible for Chao's residence in Taiwan (nor could it credibly do so). At worst, plaintiffs have simply done nothing to facilitate his presence in court. Accordingly, there is no basis for excluding his deposition testimony under Rule 32(a).

## II.  The need to test Chao's credibility

Wheelabrator's next argument, that plaintiffs should not be permitted to offer Chao's deposition testimony because his

credibility is at issue, also fails.  That argument appears to be premised on the theory that Chao's physical presence is required to enable the factfinder's credibility assessment.  It is no doubt true that the ability to observe a witness's body language and to hear the inflection and emphasis given in spoken testimony may aid a factfinder in evaluating both the credibility of the witness and the proper interpretation of ambiguous testimony. See, e.g., Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co., No. 97-CV-529 MMS, 2000 WL 135129, *4 (D. Del. Jan. 13, 2000) (discussing "the importance for the jury to see and observe [the witness's] testimony and cross-examination on the issues to determine [his] credibility and reliability"); In re Air Crash Disaster at Stapleton Int'l Airport, 720 F. Supp. 1493, 1502 (D. Colo. 1989) ("[B]ecause the deposition testimony appeared subject to various interpretations the need for the jury to observe the demeanor of the witness to determine credibility was substantial.").  Live testimony therefore presents a clear advantage over the recitation of deposition testimony from a transcript.  Where a deposition has been videotaped, however, and it is the video recording of the deposition that is offered--as is the case here--any advantage to live testimony is diminished, as the finder of fact will still have the opportunity to observe the witness's body language and to hear the spoken testimony.

Cf. Carey, 864 F.2d at 204 ("To the extent [plaintiffs] believed it was critical to capture the demeanor and appearance of the witnesses for the jury, they could have videotaped the depositions.").  Any gain to be had from requiring Chao's live testimony in lieu of his deposition testimony does not, under the circumstances of this case, provide a basis for excluding his videotaped deposition.

## III. Wheelabrator's opportunity to examine Chao

Wheelabrator next contends that it did not have a reasonable opportunity to examine Chao at his videotaped deposition. Because the videotaped deposition took place two days after Chao's "discovery deposition," Wheelabrator argues, it did not have "the benefit of the transcript of the discovery deposition that would normally be used as a tool for cross-examination and impeachment."  This argument is deceiving in its simplicity.  At the videotaped deposition, Wheelabrator was in no worse a position than any other party at a deposition who is later faced with the potential introduction of testimony from that deposition, and in fact was in a much better position.

At most depositions, the parties examining the witness do not have the benefit of the witness' prior sworn testimony from the same case for impeachment or cross-examination.  In many

cases, the parties do not know at the deposition that the witness will not be available for trial.  Rule 32 nonetheless allows the introduction of deposition testimony at a subsequent trial or hearing without regard to either of these concerns.  At Chao's videotaped deposition, Wheelabrator not only knew that he would likely be unavailable for trial--plaintiffs told it as much four months earlier--it had heard his testimony at his prior deposition two days before, and had a full day between the two depositions to develop a strategy for examining him.[2] Wheelabrator was therefore better-informed and more prepared at Chao's videotaped deposition than parties in the vast majority of cases.  The court will not exclude his testimony solely because Wheelabrator did not have a written transcript of his prior testimony at the time of his second deposition.

## IV.  Plaintiffs' failure to obtain leave of court

Wheelabrator's final argument is that Chao's videotaped deposition testimony should be excluded from trial because the

---

[2]The court also notes that many court reporting services offer overnight transcription of deposition testimony for a fee. This is not meant to suggest that Wheelabrator should have obtained an overnight transcript of Chao's testimony, but if Wheelabrator truly believed a transcript was necessary for the second deposition, that option was available to it.  Given the resources already expended in this case, the extra expense that would have entailed would not have been extraordinary.

deposition, Chao's second of the case, was taken without leave of the court.  As already noted, this argument has some merit.  Federal Rule of Civil Procedure 30(a)(2)(A)(ii) provides that "[a] party must obtain leave of court" to take a deposition "if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."  It is undisputed that Wheelabrator did not stipulate to Chao's second deposition (indeed, it vehemently objected to the second deposition) and that plaintiffs failed to obtain leave of court before taking it.  The only question is whether exclusion of the deposition is an appropriate remedy for this failure.

Exclusion is not warranted here.  That relief is not mandatory for a violation of Rule 30(a).  See Kendrick v. Schnorbus, 655 F.2d 727, 729 (6th Cir. 1981) ("[W]e do not believe Rule 30(a), when read in conjunction with Rule 32, creates a per se rule of suppression when a technical violation of Rule 30(a) occurs."); United States v. Atlas Lederer Co., 282 F. Supp. 2d 687, 696 (S.D. Ohio 2001) (declining to preclude reliance on second deposition at summary judgment where parties failed to obtain leave of court to depose witness a second time).[3]  Wheelabrator has articulated no prejudice as a result of

---

[3]Rule 32(a)(5)(B) is the only provision of the Federal Rules that affirmatively requires exclusion of a deposition taken without leave of court; it provides that "[a] deposition taken

plaintiffs' failure to obtain leave before conducting the
videotaped deposition.  Cf. Kendrick, 655 F.2d at 729 ("Absent
any showing of any real injury because of the failure to obtain
leave, we do not believe the trial judge abused his discretion in
failing to suppress."); Atlas Lederer, 282 F. Supp. 2d at 696
(court would not preclude reliance on deposition testimony
"[a]bsent any articulated prejudice . . . as a result of
[defendant's] failure to obtain leave").  Wheelabrator was
represented by counsel at the deposition, and afforded the
opportunity to cross-examine Chao.  If the court were to exclude
Chao's videotaped testimony, the parties would still be entitled
to use his testimony from the first deposition at both the
upcoming evidentiary hearing and trial.  The use of Chao's
videotaped testimony is preferable to the use of his prior
deposition testimony for reasons already mentioned, including
that (1) the finder of fact will be able to observe Chao's
demeanor in the videotape when assessing his credibility and (2)
Wheelabrator was better prepared at the second deposition.

---

without leave of court under the unavailability provision of Rule
30(a)(2)(A)(iii) must not be used against a party who shows that,
when served with the notice, it could not, despite diligent
efforts, obtain an attorney to represent it at the deposition."
The Rules contain no such mandatory exclusion for depositions
taken without obtaining leave of court under other provisions of
Rule 30(a)(2), such as Chao's second deposition.

While the court will not exclude Chao's videotaped deposition testimony, this conclusion does not foreclose Wheelabrator from seeking other relief as a result of plaintiffs' failure to obtain leave of court before proceeding with his second deposition.

**V.  Conclusion**

For the reasons set forth above, Wheelabrator's motion to preclude plaintiffs' use of Dennis Chao's videotaped deposition testimony[4] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 6, 2012

cc:  Erik Graham Moskowitz, Esq.
     Michael J. Markoff, Esq.
     Sibley P. Reppert, Esq.
     Steven E. Grill, Esq.
     Jonathan M. Shirley, Esq.

_____

[4]Document no. 172.

11