```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Forrester Environmental
Services, Inc. and Keith E.
Forrester

    v.                                    Civil No. 10-cv-154-JL

Wheelabrator Technologies, Inc.


**O R D E R**

    The Markman hearing currently scheduled for May 11, 2012 is cancelled.  Based upon the evidence presented at the evidentiary hearing on April 9-10 and May 7, 2012, the court concludes that the applicable statute of limitations, N.H. Rev. Stat. Ann. § 508:4, bars plaintiffs' claims except to the extent they are premised upon alleged misrepresentations made to representatives of Kobin Environmental Enterprise Co., Ltd. by defendant Wheelabrator on or around June 14, 2007.  Formal findings of fact and rulings of law explaining this conclusion will follow.

    Given the evidence presented at the hearing and with summary judgment briefing, moreover, the court has serious misgivings about allowing plaintiffs' claims to proceed to trial based solely upon the alleged June 14, 2007 misrepresentations.  In particular, the court is concerned that plaintiffs do not have the ability to show that they suffered any damages as a result of those alleged misrepresentations.  If plaintiffs are unable to do

so, two of their three remaining claims--those for tortious interference with contractual relationship and tortious interference with prospective advantage--necessarily fail, as damages are a key element of such claims.  See Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc., 2011 DNH 212, 26-27 (citing Singer Asset Fin. Co, LLC v. Wyner, 156 N.H. 468, 478 (2007); M&D Cycles, Inc. v. Amer. Honda Motor Co., Inc., 208 F. Supp. 2d 115, 119 (D.N.H. 2002)).[1]

    Plaintiffs are accordingly ordered to show cause on or before **May 22, 2012,** why summary judgment should not be entered for defendants on those two claims.  In order to avoid summary judgment, plaintiffs should proffer admissible evidence demonstrating a causal connection between the alleged June 14, 2007 misrepresentations and damages they suffered, including evidence establishing such damages.  Any written memorandum accompanying plaintiffs' filing shall not exceed ten (10) pages.  Defendants may submit a written response within seven (7) days of plaintiffs' submission; that response shall not exceed ten (10) pages.

---

[1] Plaintiffs' claim under the Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A, would still survive, as statutory damages of $1000 are available even when a plaintiff does not show actual damages.  See Carter v. Lachance, 146 N.H. 11, 14 (2001); N.H. Rev. Stat. Ann. § 358-A:10, I.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 8, 2012

cc:  Erik Graham Moskowitz, Esq.
     Michael J. Markoff, Esq.
     Sibley P. Reppert, Esq.
     Steven E. Grill, Esq.
     Jonathan M. Shirley, Esq.