UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Forrester Environmental
Services, Inc. and Keith E.
Forrester</u>

    v.                                    Civil No. 10-cv-154-JL

<u>Wheelabrator Technologies, Inc.</u>

## **O R D E R**

On June 29, 2012, the court granted summary judgment in favor of defendant Wheelabrator Technologies, Inc. on the plaintiffs' claims for tortious interference with contractual relationship and tortious interference with prospective advantage. That ruling was premised on the court's conclusion (to be explained in more detail in a later, comprehensive order) that the plaintiffs failed to show that they suffered any injury as a result of Wheelabrator's conduct on or around June 14, 2007.[1] On that date, Wheelabrator--which, like plaintiffs, is in the business of stabilizing heavy metals in incinerator ash through the application of phosphates--allegedly told one of its customers that its United States patents gave it the right to use all solid forms of phosphates. Plaintiffs allege that statement was false.

---

[1] As mentioned in the court's order of May 8, 2012, the three-year statute of limitations in N.H. Rev. Stat. Ann. § 508:4 bars plaintiffs' claims (including the plaintiffs' claim under N.H. Rev. Stat. Ann. § 358-A) to the extent they are premised on other, earlier alleged misconduct by Wheelabrator.

The court initially took the view that, notwithstanding their lack of injury, plaintiffs could still recover under the Consumer Protection Act ("CPA"), N.H. Rev. Stat. Ann. § 358-A, for the June 14, 2007 misconduct.  See Order of May 8, 2012 at 2 n.1.  This court's view was informed by the New Hampshire Supreme Court's opinion in Becksted v. Nadeau, 155 N.H. 615, 620-21 (2007), in which that court, relying on its earlier decisions in Preferred National Insurance Co. v. Docusource, Inc., 149 N.H. 759, 767 (2003) and Carter v. Lachance, 146 N.H. 11, 14 (2001), held that a plaintiff who fails to show an injury may still recover statutory damages under the CPA.

On further reflection, though, the court questions whether plaintiffs can recover under the CPA for an unfair and deceptive act that (a) occurred in a transaction to which they were not parties; and (b) caused them no injury.  As to (a), the New Hampshire Supreme Court has held that a plaintiff need not be in "privity" with the defendant (i.e., be the direct object of the defendant's unfair or deceptive act) to recover under the CPA. See, e.g., LaChance v. U.S. Smokeless Tobacco Co., 156 N.H. 88, 93-95 (2007); Remsburg v. Docusearch, Inc., 149 N.H. 148, 159-60 (2003).  When viewed in conjunction with the Becksted line of cases, these cases could be read to suggest that plaintiffs can recover under the circumstances presented here (i.e., no privity and no injury).

But the New Hampshire Supreme Court has never gone so far as to say that a plaintiff needs neither privity nor injury to bring a CPA claim.  Indeed, in those cases in which that Court ruled no showing of privity was necessary, there was an injury to the plaintiff, and the converse is also true.  Another possible way to reconcile the Becksted line of cases with the Remsburg line is, therefore, to view them as establishing the proposition that a CPA plaintiff must have either suffered injury or been the object of the defendant's unfair or deceptive act, but need not establish both.  As a federal court facing an unsettled question of state law, this court "must make an informed prophecy of what the state's highest court would do in the same situation," Bartlett v. Mut. Pharm. Co., Inc., 731 F. Supp. 2d 135, 154-55 (D.N.H. 2010), and this court is of the tentative opinion that the New Hampshire Supreme Court would adopt this latter construction of the CPA.  Otherwise, virtually any third party uninjured by an unfair or deceptive act could nonetheless file an action for statutory damages, seeking to punish that act as a private attorney general.  This would result in an unprecedented expansion of the CPA beyond the scope of its text and interpretive precedent.

Plaintiffs are accordingly ordered to show cause on or before **July 23, 2012,** why summary judgment should not be entered for defendants on their CPA claim as well.  Plaintiffs are

cautioned that this should not be viewed as an opportunity to reargue their position that they were injured by Wheelabrator's June 14, 2007 conduct; instead, plaintiffs should confine their arguments to the legal issue outlined above. Any written memorandum accompanying plaintiffs' filing shall not exceed twelve (12) pages. Defendants may submit a written response within fourteen (14) days of plaintiffs' submission; that response shall not exceed twelve (12) pages. The bench trial scheduled to begin in August 2012 is cancelled.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated: July 9, 2012

cc: Erik Graham Moskowitz, Esq.
    Michael J. Markoff, Esq.
    Sibley P. Reppert, Esq.
    Steven E. Grill, Esq.
    Jonathan M. Shirley, Esq.